**G. Allen ULLOM, Teresa J. Ullom, and Jacob L. Ullom, by his next friend, G. Allen Ullom**

v.

**MIDLAND INDUSTRIES, INC.**

**No. IP 85–901–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

June 11, 1987.

Robert A. Claycombe, Indianapolis, Ind., for plaintiff.

Michael Simmons, Indianapolis, Ind., Robert C. Wolf, Johnson, Grass, Densborn & Wright, Indianapolis, Ind., for defendant.

## ORDER

STECKLER, District Judge.

This matter is before the Court upon the defendant's motion for summary judgment and the plaintiffs' motion for partial summary judgment. Fed.R.Civ.P. 56(c) provides that summary judgment may be granted only when the pleadings and other documents on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The Court having examined the motions and being duly advised in the premises, now finds that the defendant's motion for summary judgment must be denied and the plaintiffs' motion for summary judgment must be granted.

The plaintiffs in this action are G. Allen Ullom, his wife, Teresa J. Ullom, and his son, Jacob L. Ullom. The complaint states that in July 1978, G. Allen Ullom purchased a mobile home which was manufactured by defendant, Midland Industries, Inc. The

plaintiffs allege that after moving into the mobile home in July 1978, they experienced headaches and burning sensations in their eyes. The plaintiffs further allege that during the period from July 1978 until January 1983, when they moved out, they were constantly ill and unable to function normally. The plaintiffs contend that they learned in January 1983 that the mobile home was contaminated by formaldehyde and that this was the cause of substantially all of their illnesses from July 1978 to January 1983.

On September 19, 1984, the plaintiffs filed suit against the defendant (and others) in an Ohio state court. On April 30, 1985, the Ohio court dismissed the lawsuit, and on May 6, 1985, the plaintiffs filed the present lawsuit in an Indiana state court. In June 1985 the defendant removed the action to the United States District Court for the Southern District of Indiana.

■ The plaintiffs' action is not barred by the two-year statute of limitations which governs product liability actions in Indiana. *See* Ind. Code § 33–1–1.5–5. On April 1, 1985, Indiana adopted the "discovery rule" for the accrual of a cause of action for purposes of the statute of limitations. *See Barnes v. A.H. Robins Co.*, 476 N.E.2d 84 (Ind.1985). Under this rule, if an injury is caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance, the statute of limitations commences to run from the date the plaintiff knew or should have discovered the injury or impingement, and that it was caused by the product or act of anoth-

er. *Id.* at 87–88. *See also Walters v. Owens Corning Fiberglass Corp.*, 781 F.2d 570 (7th Cir.1986). In this instance, the plaintiffs learned that their illnesses were caused by formaldehyde contamination in January 1983. The plaintiffs then had two years from this discovery to file their action against the defendant. The plaintiffs filed their action in an Ohio state court within the two-year period,[1] but it was dismissed for lack of jurisdiction. When the plaintiffs refiled their action in an Indiana state court in May of 1985, the statute of limitations had apparently expired.

■ Indiana's "Journey's Account Statute" saves the plaintiffs' action from the bar of the statute of limitations. Ind.Code § 34–1–2–8.[2] This provision declares that:

If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.

The Court finds that when the Ohio state court dismissed plaintiffs' action for lack of jurisdiction, the plaintiffs had five years from the date of the dismissal to refile the action in a proper forum. The plaintiffs refiled their action in an Indiana court well within the five-year period; therefore, the plaintiffs' action cannot be dismissed as untimely.

---

1. The plaintiffs initially filed their action in Ohio because Indiana had not yet adopted the discovery rule; therefore, their cause of action would have been barred by the statute of limitations in Indiana.

2. The history and rationale of "The Journey's Account" was articulated in *Pennsylvania Co. v. Good*, 56 Ind.App. 562, 566, 103 N.E. 672, 673 (1913), as follows:

... At common law, suits frequently failed of a decision on their merits on account of some matter of form. In such cases, the plaintiff was permitted, within a reasonable time, to sue out a new writ, and such renewal suit was deemed a continuation of the first. The time which was reasonable for such purpose was

computed theoretically with reference to the number of days required for plaintiff to journey to the place where the court was held, and hence the name 'Journey's Account.' (citations omitted) This ancient remedy is not now recognized in this country, but, in lieu thereof, statutes have been passed in nearly all of the states, providing for a renewal of actions which have failed on account of some matter not involving the merits. These statutes do not contemplate a renewal or continuance of the former suit as at common law under Journey's Account, but that a new and distinct suit shall be commenced, which shall be treated as a continuation of such former suit.

The defendant contends, however, that the Journey's Account Statute does not apply in this case since the plaintiffs' action in Ohio was dismissed for lack of personal jurisdiction. Some cases have expressed the view that where the original action is dismissed for lack of personal jurisdiction the state savings statute does not apply. *See* Annot., 6 A.L.R.3d 1043 (1966). However, there is no Indiana case on point.

In construing Indiana's Journey's Account Statute, the Court must consider the language of the statute and the policies underlying the statute. *See Dague v. Piper Aircraft Corp.*, 275 Ind. 520, 418 N.E.2d 207, 210 (1981). The Indiana statute does not distinguish cases dismissed for lack of personal jurisdiction from cases dismissed for lack of subject matter jurisdiction. The language of the statute encompasses all actions in which the plaintiff has failed "from any cause except negligence in the prosecution." Over the years the Indiana courts have liberally construed the Journey's Account Statute. *See Abele v. A.L. Dougherty Overseas, Inc.*, 192 F.Supp. 955, 957 (N.D.Ind.1961). In *Abele*, Judge Swygert, quoting Justice Cardoza, stated the purpose of the statute:

> This statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. *Gaines v. City of New York*, 1915, 215 N.Y. 533, 109 N.E. 594, at page 596, L.R.A. 1917C, 203.

*Abele*, 192 F.Supp. at 957.

Indiana courts have stated that when an action fails for jurisdictional reasons, a subsequent action against the same defendant for the same claim, filed within five years of the dismissal, is timely under the Journey's Account Statute. *See Torres v. Parkview Foods*, 468 N.E.2d 580, 582 (Ind. Ct.App.1984); *Eves v. Ford Motor Co.*, 152 Ind.App. 34, 281 N.E.2d 826, 831 (1972). This Court finds no reason to make an exception for cases dismissed for a lack of personal jurisdiction. Rather, the central inquiry under the Journey's Account Statute must be whether the action failed for "negligence in the prosecution."

In *White v. Tucker*, 53 Ill.App.3d 862, 11 Ill.Dec. 636, 369 N.E.2d 90 (1977), an Illinois Court of Appeals held that the plaintiffs were not entitled to the benefit of Illinois' version of the Journey's Account Statute since they were "greatly negligent and lacking in good faith" when they filed their original complaint in a court which could not exercise personal jurisdiction over the defendant. *Id.* at 94. In this case, however, the Court cannot find that the plaintiffs acted negligently or in bad faith by filing the original complaint in Ohio. At the time the plaintiffs filed the Ohio complaint, the Indiana statute of limitations (without a discovery rule) barred an action in Indiana. The plaintiffs made a good faith effort to invoke the jurisdiction of the Ohio state court. One of the defendants named in the original complaint was The Midland Company, an Ohio corporation and the parent company of Midland Industries, Inc., the defendant in this action. The plaintiffs did not file the action with knowledge that the Ohio state court could not exercise personal jurisdiction over the defendants.

Accordingly, the Court finds that even though the plaintiffs' cause of action in an Ohio state court failed for lack of personal jurisdiction, their subsequent action in this Court against the same defendant and for the same claim, filed within five years of the dismissal, is timely under Indiana's Journey's Account Statute. Therefore, the defendant's motion for summary judgment must be denied.

■ The plaintiffs have also filed a motion under Fed.R.Civ.P. 56. Through this motion the plaintiffs seek partial summary judgment on certain affirmative defenses. The defendant has not responded to this motion. Fed.R.Civ.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his

pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Pursuant to this rule, the Court finds that the plaintiffs are entitled to summary judgment on the defendant's second, third, sixth, and seventh affirmative defenses.

By reason of all of the foregoing, the Court hereby

DENIES defendant's motion for summary judgment, and

GRANTS plaintiffs' motion for partial summary judgment.

IT IS SO ORDERED.