Janet L. MANNON, Appellant–Plaintiff,

v.

HOWMET TRANSPORT SERVICE, INC., Howmet Turbine Components Corporation, and Thermo King of Indiana, Inc., Appellees–Defendants.

No. 50A05–9306–CV–219.

Court of Appeals of Indiana, Fifth District.

Jan. 30, 1995.

Donald E. Wertheimer, South Bend, for appellant.

Edward L. Murphy, Daniel G. McNamara, Miller Carson Boxberger & Murphy, Fort Wayne, for appellees, Howmet Transport Service, Inc. and Howmet Turbine Components Corp.

## ON PETITION FOR REHEARING

RUCKER, Judge.

Howmet Transportation Service, Inc. (Howmet) seeks rehearing from this court's opinion dated October 17, 1994. Rehearing denied.

The facts of this case are set forth in full in our original opinion wherein we reversed the trial court's order granting summary judgment in Howmet's favor. *See Mannon v. Howmet Transport Service, Inc.* (1994), Ind. App., 641 N.E.2d 70. We did so because the Rule 56 materials presented to the trial court revealed (a) Mannon was an employee of Howmet and (b) there was a dispute of material fact as to whether Howmet, as an employer, breached its duty of care to Mannon, its employee. Howmet now seeks rehearing contending that if Mannon were indeed its employee, then Mannon's exclusive remedy lies with Ind.Code §§ 22-3-1-1 to 22-3-12-5, Indiana's Worker's Compensation Act (the "Act"). Thus, the argument continues, because we may affirm the grant of summary judgment on any theory supported by the record, then summary judgment should have been affirmed in this instance because the trial court lacked jurisdiction to hear the case.

There is no question that the Act provides the exclusive remedy for recovery of personal injuries arising out of employment and in the course of employment. *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, *reh'g denied.* Nor, is there any question that if Mannon's claim is one for which the Act provides the exclusive remedy, then the trial court has no jurisdiction of the subject matter of the claim and the action cannot proceed in that court. *See Perry v. Stitzer Buick GMC, Inc.* (1994), Ind., 637 N.E.2d 1282, *reh'g denied.* However, a challenge to the jurisdiction of the trial court cannot be resolved through a motion for summary judgment. *Id.* at 1286. Rather, the appropriate method to dispose of the issue of subject matter jurisdiction is by way of a motion to dismiss under Trial Rule 12(B)(1). This is so because summary judgment terminates litigation predicated upon a finding that there are no material issues of fact that necessitate trial. *Id.* As a decision on the

merits, summary judgment may not be rendered by a court which itself lacks subject matter jurisdiction. *Id.*

In this case the trial court entered summary judgment in Howmet's favor reasoning that any duty Howmet owed to Mannon was satisfied when Howmet provided Mannon a step ladder to gain access to the trailer and temperature monitoring devices. We reversed because there was a dispute of material fact on this issue. Neither party raised, nor did we address, the question of the trial court's jurisdiction in relation to the remedies provided by the Act. In any event, contrary to Howmet's argument, summary judgment could not have been affirmed on this alleged alternative ground because a motion for summary judgment is an inappropriate vehicle to resolve questions concerning the trial court's jurisdiction. *See Perry,* 637 N.E.2d at 1286; but *cf. Burke v. Wilfong* (1994), Ind.App., 638 N.E.2d 865, 867 n. 1 (acknowledging *Perry,* but treating the summary judgment motion as a motion for lack of subject matter jurisdiction).

The question nonetheless remains whether we should grant rehearing, affirm reversal of the trial court's order of summary judgment, and order Mannon's claim dismissed for lack of jurisdiction. *See McQuade v. Draw Tite, Inc.* (1994), Ind.App., 638 N.E.2d 818, *reh'g denied,* (Trial court granted summary judgment in favor of employer on employee's claim of negligence, ruling that Indiana's Worker's Compensation Act provided the exclusive remedy. We reversed because summary judgment was not the appropriate vehicle, and remanded the cause to the trial court to dismiss for lack of subject matter jurisdiction); *Accord Owens v. DSM Engineering Plastics, Inc.* (1994), Ind.App., 641 N.E.2d 1271; *Northcutt v. Smith* (1994), Ind.App., 642 N.E.2d 254.

In each of the foregoing cases the question of subject matter jurisdiction was squarely before the trial court. There were no factual disputes, and the Rule 56(C) materials presented to the trial court were sufficient to resolve the jurisdictional issue. Thus, although summary judgment was inappropriate we were not hesitant in remanding with instructions to dismiss. The case before us is distinguishable in that the question of subject matter jurisdiction was never presented to the trial court. Whether the Worker's Compensation Board and not the trial court has jurisdiction is a question on which the opponent of jurisdiction typically carries the burden of proof. *Perry,* 637 N.E.2d at 1286. Facts presented to the trial court in support of a motion for summary judgment are not necessarily sufficient to sustain also a motion to dismiss for lack of jurisdiction.

■ The Act provides compensation to employees for injuries which arise out of and in the course of their employment. However, whether an injury arises out of and in the course of employment depends upon the facts and circumstances of each case. *Sanchez v. Hamara* (1989), Ind.App., 534 N.E.2d 756, *trans. denied.* The phrase "in the course of employment" refers to the time, place and circumstances surrounding the accident. *Blaw–Knox Foundry and Mill Machinery, Inc. v. Dacus* (1987), Ind.App., 505 N.E.2d 101, 102, *trans. denied.* An injury "arises out of" employment when a causal nexus exists between the injury sustained and the duties or service performed by the injured employee. *Thiellen v. Graves* (1988), Ind.App., 530 N.E.2d 765, 767.

■ In our original opinion we determined that Mannon was an employee of Howmet and thus Howmet owed her a duty of care. However, there were insufficient Rule 56(C) materials presented to the trial court, and thus insufficient material presented to this court, for a determination of whether Mannon's injuries arose out of and in the course of her employment. The facts necessary to make such a determination may be uncovered by the trial court upon a properly filed motion to dismiss pursuant to Ind.Trial Rule 12(B)(1). For the reasons set forth herein, we reaffirm our original disposition of this case and deny Howmet's petition for rehearing.

Rehearing denied.

SHARPNACK, C.J., concurs.

FRIEDLANDER, J., dissents and would grant rehearing.