**Earl Ronald COX, Appellant
(Plaintiff Below),**

v.

**AMERICAN AGGREGATES
CORPORATION, Appellee
(Defendant Below).**

No. 93A02–9602–EX–112.

Court of Appeals of Indiana.

July 2, 1996.

Christopher Cross, Vernon J. Petri & Associates, Indianapolis, for appellant.

Miriam A. Rich, Eric Brodt & Associates, Indianapolis, for appellee.

1. Cox raises two issues. Because we find the first requires reversal, we do not reach the sec-

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Earl Ronald Cox appeals the determination by the Indiana Worker's Compensation Board that it lacked jurisdiction to consider his claim for benefits. We reverse.

### ISSUE[1]

Whether the Worker's Compensation Board has jurisdiction to consider Cox's claim because application of the Journey's Account Act tolls the two year limitation period for his making a claim and makes timely Cox's 1993 application for benefits related to a 1986 alleged injury.

### FACTS

From April until October of 1986, Cox worked as a welder for American Aggregates Corporation (ACC). On March 27, 1987, Cox filed a complaint against ACC, alleging that he suffered injuries inflicted by ACC as "an intentional tort" and seeking "damages arising from his welding." *Cox v. American Aggregates Corp.*, 580 N.E.2d 679, 684, 683 (Ind.Ct.App.1991). After our opinion of October 28, 1991, sustaining the trial court determination that Cox had failed to show an intentional tort and declaring "Cox's exclusive remedy as to ACC is under Worker's Compensation," *id.* at 684, Cox filed a claim for his 1986 injury with the Worker's Compensation Board on October 26, 1993. After Cox's claim was denied by a Board Hearing Member, Cox appealed the Member's decision to the Full Worker's Compensation Board. Cox argued to the Board that the Journey's Account Statute, Ind.Code 34–1–2–8, tolled the two year limitation for his filing a claim. However, the Board found it had "no jurisdiction to consider a claim for benefits filed more than two years after the alleged occurrence." (R. 16).

### DECISION

Under the Worker's Compensation Act, the "right to compensation . . . shall be forev-

ond.

er barred unless within two (2) years of the accident ... a claim for compensation thereunder shall be filed with the worker's compensation board." I.C. 22–3–3–3. A quarter century ago we discussed the differences between a general statute of limitations and a nonclaim statute in *Wawrinchak v. U.S. Steel Corp.*, 148 Ind.App. 444, 267 N.E.2d 395 (1971). We held the Worker's Compensation Act to be a nonclaim statute. As such, it

> creates a right of action and has inherent in it the denial of a right of action. It imposes a condition precedent—the time element which is a part of the action itself.... Unless the claim is filed within the prescribed time set out in the statute, no enforceable right of action is created.

*Id.* 267 N.E.2d at 399 (citation omitted). We further said that nonclaim statutes may not be extended by "the disability, fraud or misconduct of the parties," and the "time to act cannot be waived by the parties or lengthened by the court." *Id.* at 400.

■ However, since 1881 Indiana law has also contained a provision as follows:

> If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination and be deemed a continuation of the first, for the purposes herein contemplated.

I.C. 34–1–2–8. The background of this provision has been explained as follows:

> At common law, suits frequently failed of a decision on their merits on account of some matter of form. In such cases, the plaintiff was permitted, within a reasonable time, to sue out a new writ, and such renewal suit was deemed a continuation of the first. The time which was reasonable for such purpose was computed theoretically with reference to the number of days required for plaintiff to journey to the place where the court was held, and hence the name "Journey's Account."

*Pennsylvania Co. v. Good,* 56 Ind.App. 562, 103 N.E. 672, 673 (1913) (citations omitted).

ACC refers us to the unequivocal language in *Wawrinchak* and our recent restatement of the requirement that a claim be filed within the prescribed time in *Cook v. Violent Crime Compensation Fund,* 557 N.E.2d 1093 (Ind.Ct.App.1990), to argue that Cox's right to maintain an action for compensation is conditioned upon his exercising that right within the statutory time limitation. We first note that our discussion in *Cook* did not include any reference to the Journey's Account Act. Next, we consider our supreme court's action in *Gayheart v. Newnam Foundry Co., Inc.,* 271 Ind. 422, 393 N.E.2d 163 (1979). *Gayheart* held that when a party was fraudulently induced to forgo the timely filing of an application for modification of his worker's compensation award, the applicable limitation period was tolled at the time the fraud was perpetrated. Thus, our statement in *Wawrinchak* about the fraud of a party failing to extend the time period to exercise a nonclaim statute right cannot stand after *Gayheart.*

■ Further, when the claimant seeks refuge in the provisions of the Journey's Account Act, we find the continued vitality of *Wawrinchak*'s categorical proscription of a claim filed beyond the limitation period to be affected by our supreme court's reasoning in *Vesolowski v. Repay,* 520 N.E.2d 433 (Ind. 1988). Five years after her birth and on her behalf, the parents of brain damaged Suzanne Vesolowski brought an action in Illinois against the Indiana doctor who treated her mother during pregnancy. The Illinois suit was dismissed for lack of personal jurisdiction over the doctor. Another medical malpractice suit was filed against the doctor in Indiana but not until Suzanne was ten years old. The statute requires a minor in Suzanne's circumstances to file the malpractice action by her eighth birthday. Therefore, the action sought a declaration that the Journey's Account Statute saved the malpractice claim. The trial court dismissed Suzanne's complaint, holding the Journey's Account Statute did not apply to actions for medical malpractice. The Court of Appeals agreed. The supreme court granted transfer to consider the applicability of the Journey's Account Statute to a medical malpractice ac-

tion. The court first described the Journey's Account Statute as "designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits," and said its "broad and liberal purpose" was "not to be frittered away by narrow construction." *Id.* at 434. The court then declared,

> In order to claim the saving power of the Journey's Account Statute, a plaintiff must have filed his original cause of action timely. Moreover, the decision ending the original action must not have been on the merits. Finally, the plaintiff must meet the conditions set forth in the Journey's Account Statute.

*Id.* at 435 (citations omitted). Finding that the original Illinois action on behalf of Suzanne met the first two criteria and that dismissal of that first action for lack of jurisdiction constituted an abatement "within the meaning of the Journey's Account Statute," the trial court was directed to reinstate Suzanne's Indiana complaint.

■ Accordingly, we apply the framework of the *Vesolowski* analysis to the facts before us. As to timeliness, Cox filed his action against ACC within two years. ACC argues the original lawsuit and this claim are not identical because Cox's lawsuit included his wife as a plaintiff seeking compensation for loss of consortium and because both pain and suffering and loss of future earnings might be awarded in a civil action. We are unpersuaded. As in *Vesolowski*, the parties remain the same—Cox, the employee, and ACC, the employer. Likewise, both the original action against ACC and his claim to the Board seek compensation for injuries sustained in the course of his employment as a welder at ACC. Because Cox acted within the two year limitation period to claim compensation from his employer for his injury, the broad and liberal purpose of the Journey's Account Statute is served by considering the lawsuit Cox filed to meet the claim limitation provision.

■ The second *Vesolowski* criterion is that "the decision ending the original action must not have been on the merits." *Id.* at 435. Cox has not received a hearing on the merits as to whether he suffered an injury on the job for which he should be compensated because his lawsuit culminated in the determination that his exclusive remedy against ACC was through Worker's Compensation.

■ Finally, we consider the "four situations" in which the Journey's Account Statute applies:

1) the plaintiff fails from any cause except negligence in the prosecution;

2) the action abated;

3) the action is defeated by the death of a party; or

4) judgment is arrested or reversed on appeal.

*Id.* As the court explained in *Vesolowski*, "when the Journey's Account Statute was adopted," the rules of procedure were such that "a defendant properly questioned jurisdiction by filing a plea of abatement," and an "abatement is the overthrow or destruction of an action." *Id.* at 436. When a plaintiff fails to establish by a preponderance of the evidence that the employer intentionally caused an employment injury, the plaintiff's exclusive remedy is in the worker's compensation system, and the cause of action must be dismissed for lack of subject matter jurisdiction. *Foshee v. Shoney's, Inc.,* 637 N.E.2d 1277, 1281 (1994). Because the court lacked subject matter jurisdiction over Cox's complaint against ACC, his action against ACC meets the "statutory condition" of an action which was abated, and "the Journey's Account Statute saves" Cox's claim for worker's compensation benefits. *Vesolowski* at 436.

We reverse the determination of the Board that it lacks jurisdiction and order Cox's claim to be reinstated and heard.

BAKER, J., concurs.

CHEZEM, J., concurs in result.