ATTORNEY FOR APPELLANT

Christopher H. Cross

Indianapolis, Indiana 

ATTORNEY FOR APPELLEE

Miriam A. Rich

Indianapolis, Indiana

IN THE

SUPREME COURT OF INDIANA

)

EARL RONALD COX,       ) 

)

Appellant, ) Indiana Supreme Court

) Cause No. 93S02-9701-EX-20

v. )

 ) Indiana Court of Appeals

AMERICAN AGGREGATES CORP.,     ) Cause No. 93A02-9602-EX-112

)

Appellee. )

)

­

APPEAL FROM THE WORKER’S COMPENSATION BOARD OF INDIANA

Application No. 124414

­

ON PETITION TO TRANSFER

BOEHM, Justice.

We granted transfer to consider the applicability of the Journey’s Account Statute (the “Statute”) to claims presented to the Worker’s Compensation Board (the “Board”) under the Worker’s Compensation Act.  We hold that such claims are not subject to the Statute.

Factual and Procedural History

In the summer of 1986, appellant Earl Ronald Cox suffered injuries while working as a welder for appellee American Aggregates Corp. (“AAC”).  On March 27, 1987, Cox sued for damages for pain and suffering and for loss of future earnings.  To avoid the bar against civil lawsuits for work related injuries, Indiana Code § 22-3-2-6, Cox alleged intentional injury by AAC.  
Baker v. Westinghouse Elec. Corp.
, 637 N.E.2d 1271, 1272 (Ind. 1994) (“the [Worker’s Compensation Act] by its terms does not bar certain intentional tort actions”).  His wife joined him as a plaintiff in the lawsuit seeking loss of consortium.  On January 29, 1991, the trial court entered summary judgment in favor of AAC for lack of any evidence suggesting an intentional tort.  Cox appealed and on October 28, 1991, the Court of Appeals affirmed the trial court on the same ground.  
Cox v. American Aggregates Corp.
, 580 N.E.2d 679 (Ind. Ct. App. 1991).  Subsequently, on October 26, 1993, Cox turned to the Board for compensation under the Worker’s Compensation Act for the 1986 injury.  

Under the Worker’s Compensation Act, claims must be filed within two years from the time of an accident or be “forever barred.”  
Ind. Code
 § 22-3-3-3 (1993).  Because Cox did not file a claim with the Board until seven years after his injury occurred, the Board determined that the claim was barred.  Cox appealed the Board's decision and the Court of Appeals held that the Journey’s Account Statute, Indiana Code § 34-1-2-8, preserved Cox’s claim under the Worker’s Compensation Act.  
Cox v. American Aggregates Corp.
, 667 N.E.2d 215 (Ind. Ct. App. 1996).  We granted AAC's petition to transfer and now affirm the Board’s dismissal of Cox’s claims.

I. The Journey’s Account Statute Does Not Apply

It is clear that unless the Journey’s Account Statute preserves Cox’s worker’s compensation claim, the claim is barred by Indiana Code § 22-3-3-3.  The version of the Journey’s Account Statute applicable to this case provided:

If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.

Ind. Code
 § 34-1-2-8 (1988).
(footnote: 1)  The “purposes herein contemplated” are determinations of when an action has commenced.  
Vesolowski v. Repay
, 520 N.E.2d 433, 434 (Ind. 1988). Generally, when it applies, the Statute serves to resuscitate actions that have otherwise expired under a statute of limitations.  Because the Statute gives a plaintiff an additional five (now three) years to refile an action, if the Statute applies, Cox’s claim before the Board would be timely.

The Journey’s Account Statute applies by its terms to preserve only a “new action” that may be “a continuation of the first.”  Its typical use is to save an action filed in the wrong court by allowing the plaintiff enough time to refile the same claim in the correct forum.  For example, the statute enables an action dismissed for lack of personal jurisdiction in one state to be refiled in another state despite the intervening running of the statute of limitations.  
See
, 
e.g.
, 
Ullom v. Midland Industries, Inc.
, 663 F. Supp. 491 (S.D. Ind. 1987). 

The Journey’s Account Statute is not limited to causes of action that existed at common law.  As Cox points out, the Journey's Account Statute has been applied to revive actions that have lapsed under the provisions of several statutory schemes.  These include the Medical Malpractice Act, 
Vesolowski
, 520 N.E.2d at 433; the Wrongful Death Act, 
City of Evansville v. Moore
, 563 N.E.2d 113 (Ind. 1990); the Will Contest Statute, 
Willman v. Railing
, 571 N.E.2d 590 (Ind. Ct. App. 1991); and the Products Liability Act, 
Ullom
, 663 F. Supp. at 491.  In 
Vesolowski
, for example, the parents of an injured child brought a timely medical malpractice action on the child’s behalf in Illinois.  The court dismissed the suit for lack of personal jurisdiction over the defendant.  After the statute of limitations on medical malpractice actions had expired, the parents refiled their daughter’s action in Indiana, also with new claims on their own behalf.  This Court held that because the original action was timely filed and not dismissed on the merits, the Journey’s Account Statute applied and saved the daughter’s action.  
Vesolowski
, 520 N.E.2d at 435-36.  The daughter’s “new action” was a “continuation of the first.”  However, the new claims asserted by the parents were not preserved because they were not a part of the original action.  

The principles underlying 
Vesolowski
 control disposition of the current case.  Both  the medical malpractice and worker’s compensation statutes contain substantive and procedural limitations.  But unlike the Worker's Compensation Act, medical malpractice creates or modifies a right that, once initiated, takes the form of a lawsuit brought in a court of law.  The same is true of each of the other statutory causes of action cited by Cox.  A worker’s compensation claim, however, cannot be brought in any forum other than the Board, and conversely the Board has no jurisdiction over general legal claims.  More importantly, the Journey’s Account Statute preserves only those claims that are “a continuation of the first” action.  In each of the cases cited by Cox the elements of the cause of action asserted in the second “action” were the same as those in the first.  In contrast, the elements of a worker's compensation claim are different from those of any remedy available in a court.  Unlike the tort lawsuit that Cox initiated, there is no requirement of intentional wrongdoing or even fault in a compensation claim.  
Ind. Code
 § 22-3-2-2 (1991) (employer shall pay for “personal injury or death by accident arising out of and in the course of employment”).  Indeed, if the elements of a worker’s compensation claim are met, it is usually fatal to a court case.  
Mannon v. Howmet Transp. Serv.
, 645 N.E.2d 1135 (Ind. Ct. App. 1995) (Worker’s Compensation Act provides exclusive remedy for recovery of personal injuries arising out of employment and in the course of employment.).  In sum, Cox’s worker’s compensation claim is not a “new action” because it is not an action presented before a court.  Nor can it be a “continuation of the first” action because the two claims are substantively different.  Accordingly, the Board correctly determined that the Journey’s Account Statute does not apply.

II. Existing Case Law

Our conclusion that the Journey's Account Statute does not apply to Worker's Compensation claims is consistent with existing case law.  Both parties discuss 
Wawrinchak v. United States Steel Corp.
, 148 Ind. App. 444, 267 N.E.2d 395 (1971), and 
Gayheart v. Newnam Foundry Co. Inc.
, 271 Ind. 422, 393 N.E.2d 163 (1979).  In 
Wawrinchak
, the court distinguished between a general statute of limitations, which may be waived, and a “nonclaim” statute.
(footnote: 2) 
 
Wawrinchak
 concluded that the Worker’s Compensation Act was a nonclaim statute and that the period for filing a claim under that act may not be extended by "the disability, fraud or misconduct of the parties" nor may the "time to act . . . be waived by the parties or lengthened by the court."  
Id.
 at 400.  Cox argues, and the Court of Appeals agreed, that this Court's decision in 
Gayheart
 undermined 
Wawrinchak
's hard line against flexibility in the two year filing requirement for worker’s compensation claims.  As the Court of Appeals noted,  
Gayheart
 held that "when a party was fraudulently induced to forgo the timely filing of an application for modification of his worker's compensation award, the applicable limitation period was tolled at the time the fraud was perpetrated." 
Cox
, 667 N.E.2d at 217.  From this, Cox argues there is precedent for court intervention to extend time limits required under the Worker's Compensation Act.

However, our decision today is not grounded on the structure of the Worker’s Compensation Act as a nonclaim statute.  Nor is the delay in this case attributable to any action of the defendant.  Rather our decision turns on the construction of the Journey’s Account Statute.  
Gayheart
 did not involve the Journey's Account Statute and so tells us nothing about whether the Statute applies to worker's compensation claims.  Because a worker’s compensation claim is not an “action” that may be considered as “a continuation of the first,” the Journey's Account Statute does not apply regardless of how the limitation period built into the statute is characterized.

III. Statutory Policy Supports the Inapplicability of the Journey's Account Statute

The Worker's Compensation Act was passed to provide a regime for efficiently and fairly resolving injuries in the workplace.  It creates a right of compensation without a showing of fault and prescribes the amount of compensation.  An employee with a claim must raise it within two years, or lose it.  To permit Cox to proceed several years later under the Worker’s Compensation Act based on a failed intentional tort claim would at least open the door to, and perhaps invite, the repetitive and extensive litigation that the Worker’s Compensation Act is designed to discourage.  If the Journey’s Account Statute operated as Cox urges, any injured employee could easily circumvent the two year time limit for filing a worker’s compensation claim by filing an intentional tort action.  If the tort action fails, the employee could start over before the Board by invoking the Journey’s Account Statute.  This result would undermine the goal of prompt and efficient disposition of work related injuries and “upset the lodestar principle of regular and predictable liability” for employers under the Act.  
Baker
, 637 N.E.2d at 1274.

Cox’s contention raises a second problem as well.  In the usual application of the Journey’s Account Statute the second suit is substantially the same as the first.  However, significant unfairness could result from regarding claims before the Board as “actions” under the Journey’s Account Statute.  In this case, the consequences of holding for Cox might not be a significant burden on the employer.  AAC was alerted to Cox’s lawsuit, and the preparations necessary to mount a defense -- investigation, location of witnesses, discovery -- presumably largely included those needed to defend against a worker’s compensation claim.  But if Cox had first filed an unsuccessful worker’s compensation claim and then, up to five years later in reliance on the Journey’s Account Statute, sued AAC for an intentional tort, the potential of unfairness to the employer is significant. The employer would for several years believe itself faced with a statutorily defined financial exposure and the need to offer proof on limited issues.  The employer’s devotion of effort and expense to the defense would be guarded by that belief.  It is fundamentally unfair to convert the proceeding into a general tort lawsuit years after the event.

Finally, nothing prohibits an employee from filing a claim with the Board and initiating a lawsuit concurrently, although administrative proceedings have been described as serving “only to complicate resolution of the matter.”
  
Tribbett v. Toy Mor Industries, Inc.
, 471 N.E.2d 332, 334 (Ind. Ct. App. 1984).  If there were a need to do so, Cox certainly could have done that in this case.  He knew one year before the two year window had expired that AAC disputed the jurisdiction of the court to hear the lawsuit.  He and his attorney also were both familiar with the two year filing requirement.  The result in one proceeding may operate as res judicata in the second if the first results in a disposition “on the merits,” 
Riverview Health Care v. Wright
, 524 N.E.2d 321, 323 (Ind. Ct. App. 1988), but that is a difficulty faced by any plaintiff seeking to pursue concurrent remedies.

Conclusion

The decision of the Board dismissing Cox’s claim as untimely is affirmed.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

SULLIVAN, J., dissents, believing this case was properly resolved by the Court of Appeals.  
Cox v. American Aggregates Corp.
, 667 N.E.2d 215 (Ind. Ct. App. 1996).

FOOTNOTES
1: The statute was amended in 1993 in respects not relevant to this case.  The amendment split the statute into two sections.  Section (a) provides for application of the statute in the same circumstances as the previous version.  Section (b) shortens the time period a plaintiff has to refile an action to the later of three years after the failure of the first action, or the final date of the original statute of limitations that governed the original action.  
Ind. Code
 § 34-1-2-8 (1993).

2: The court defined a nonclaim statute as one that “creates a right of action and has inherent in it the denial of a right of action.  It imposes a condition precedent--the time element which is a part of the action itself. . . . The nonclaim statute is self-executing where the general statute of limitations is not.”  
Wawrinchak
, 148 Ind. App. at 451-52, 267 N.E.2d at 399-400.