John LING, Jr., Board of Trustees of Vermillion County Hospital, Vermillion County Hospital, Dr. Gerald Longa, and Dr. Frank Spendal, Appellants–Defendants,

v.

Clinton S. WEBB, as Administrator of the Estate of Katherine Ruth Webb, et al., Appellees–Plaintiffs.

No. 49A02–0402–CV–107.

Court of Appeals of Indiana.

Sept. 30, 2005.

Robert G. Weddle, Matthew W. Conner, Tabbert Hahn Earnest & Weddle, LLP, Indianapolis, IN, Attorneys for Appellants.

Stephen L. Williams, John T. Roach, Mann Law Firm, C. Joseph Anderson, John Nichols, Eric A. Frey, Anderson Frey & Nichols, Terre Haute, IN, Attorneys for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Defendants John Ling, Jr., and Board of Trustees of Vermillion County Hospital, Vermillion County Hospital, Doctor Gerald Longa, and Doctor Frank Spendal (collectively, "Appellants") appeal the trial court's partial denial of its motion for preliminary determination in favor of Appellees–Plaintiffs, Clinton S. Webb, as Administrator of the Estate of Katherine Ruth Webb; Viola K. Chrimes, Individually and as Surviving Next of Kin and Administrator of the Estate of Charles Malkin; Marylin Whittington, Individually and as Surviving Next of Kin and Administrator of the Estate of Ocie Gebhart; and Mary Hedden, Individually and as Surviving Next of Kin and Administrator of the Estate of Russell Hedden (collectively referred to as, "Appellees").[1] We reverse and remand.

---

1. From the parties' brief, it is unclear which appellees are in the present action. In its order granting summary judgment to Appellants, the trial court considered the timeliness of seven proposed complaints: those of the four Appellees and those of John Richardson, Individually and as Surviving Next of Kin and Administrator of the Estate of Patricia Richardson ("Richardson"), Pearl Johnson, Individually and as Surviving Next of Kin and Administrator of the Estate of Edith Kispert ("Johnson"), and James Bratcher, Individually and as Surviving Next of Kin and Adminis-

## Issue

Appellants raise one issue on appeal, which we restate as whether the trial court's partial denial of their motion for preliminary determination was erroneous because the Class Action Tolling Rule does not apply to Appellees' medical malpractice claims and, thus, such claims are time-barred.

## Facts and Procedural History

During the period between late 1993 and early 1995, more than 140 patients died in the intensive care unit of Vermillion County Hospital ("Hospital"), most of who were under the care of hospital nurse Orville Lynn Majors ("Nurse Majors"). Nurse Majors was eventually convicted of murdering seven of these patients. *See Ma-*

*jors v. State,* 773 N.E.2d 231, 239 (Ind. 2002).

Katherine Ruth Webb ("Webb"), Charles Malkin ("Malkin"), Ocie Gebhart ("Gebhart"), and Russell Hedden ("Hedden") all died while in the Hospital under the care of Nurse Majors. Specifically, Webb died on August 3, 1994, Malkin died on December 20, 1994, Gebhart died on December 15, 1994, and Hedden died on February 3, 1995. Within two years of their loved one's death, Appellees, on behalf of the decedents, filed complaints in federal and state courts, alleging class and negligence actions. Thereafter, on April 10, 1996, a class of plaintiffs ("Plaintiffs")—not including our Appellees—filed a proposed class action complaint ("Pro-

---

trator of the Estate of Diana Bratcher ("Bratcher"). The record reveals that: (1) Patricia Richardson died on January 21, 1993, and Richardson filed a proposed complaint with the Indiana Department of Insurance on April 10, 1996; (2) Edith Kispert died on March 4, 1994, and Johnson filed her proposed complaint on April 10, 1996; and (3) Diana Bratcher died on January 2, 1994, and Bratcher filed his proposed complaint on April 10, 1996. The evidence also indicates that the class action proposed complaint, which will be discussed further in the Facts and Procedural History section of this opinion, was filed on April 10, 1996, i.e., the same day that Richardson, Johnson, and Bratcher filed their individual proposed complaints. Accordingly, the class action tolling rule, which is the subject of this appeal, does not provide relief to Richardson, Johnson, and Bratcher. Rather, their contentions regarding the timeliness of their proposed complaints concerned the issue of whether the commencement of state and federal actions alleging negligence tolled the two-year statute of limitations for medical malpractice actions, pursuant to the Journey's Account Statute. That statute, i.e., Indiana Code Section 34–11–8–1, provides:

(a) This section applies if a plaintiff commences an action and the plaintiff fails in the action from any cause except:
(1) negligence in the prosecution of the action;

(2) the action abates or is defeated by the death of a party; or
(3) a judgment is arrested or reversed on appeal.
(b) If subsection (a) applies, a new action may be brought not later than the later of:
(1) three (3) years after the date of the determination under subsection (a); or
(2) the last date an action could have been commenced under the statute of limitations governing the original action;
and be considered a continuation of the original action commenced by the plaintiff.
*Id.*

In *McGill v. Ling,* 801 N.E.2d 678, 686 (Ind.Ct.App.2004), *reh'g denied, trans. denied,* however, another panel of this Court encountered a plaintiff—similar to Richardson, Johnson, and Bratcher—whose loved one had died in the care of nurse Orville Lynn Majors and who had filed a timely class and negligence action against Appellants in state and federal court. The *McGill* court held that the plaintiff's medical malpractice action was time-barred because she had failed to raise her medical malpractice claims in the federal and state actions—which were eventually dismissed—and, thus, the Journey's Account Statute did not apply to revive the malpractice action. *Id.* In light of *McGill,* we do not believe that Richardson, Johnson, and Bratcher are parties to the present appeal.

posed Class Complaint") with the Department of Insurance, asserting that the care and treatment provided to their decedents did not meet the applicable standard of care for medical providers. On April 20, 1999, the Plaintiffs filed a motion for a preliminary determination of law in the trial court, requesting class certification for purposes of the Proposed Class Complaint, which they later agreed to dismiss in March of 2000. The Plaintiffs' proposed complaint is still pending with the medical review panel.

In addition to the Proposed Class Complaint, Appellees filed individual proposed complaints with the Department of Insurance. In particular, Clinton S. Webb filed a proposed complaint for medical malpractice, on behalf of Webb, on July 24, 1997. Viola K. Chrimes, filed a proposed complaint on Malkin's behalf on April 4, 2000. Marylin Whittington filed a proposed complaint on behalf of Gebhart on February 21, 1997. Mary Hedden filed a proposed complaint on Hedden's behalf on February 21, 1997.

In 2003 and 2004, Appellants invoked the jurisdiction of the trial court under Indiana Code Section 34–18–11–1 when they filed several motions for preliminary determinations of law, i.e., motions for summary judgment, which were accompanied by evidentiary exhibits. Appellants argued that Appellees' proposed complaints were time-barred by the applicable statute of limitations because they were not filed within two years of the occurrences of the alleged malpractices. In response, Appellees contended that their proposed complaints were timely because the Proposed Class Complaint was filed within two years of the malpractice occurrences. At some point, the trial court consolidated the motions for preliminary determination. Subsequently, on September 8, 2004, the trial court, in relevant part, denied Appellants' motion for prelim-

inary determination, concluding that the Proposed Class Complaint tolled the applicable statute of limitations for Appellees' claims. On September 21, 2004, Appellants requested that the trial court certify its order for interlocutory appeal, which the trial court granted. We accepted jurisdiction on February 11, 2004. Appellants now appeal.

## Discussion and Decision

### I. Standard of Review

■ A motion for preliminary determination, when accompanied by evidentiary matters, "is akin to a motion for summary judgment and is subject to the same standard of review as any other summary judgment disposition." *Jacobs v. Manhart*, 770 N.E.2d 344, 349 (Ind.Ct.App. 2002), *reh'g denied, trans. denied.* The purpose of summary judgment is to end litigation where there can be no factual dispute and where a determination may be made as a matter of law. *LeBrun v. Conner*, 702 N.E.2d 754, 756 (Ind.Ct.App. 1998). As such, summary judgment is only appropriate if there is no evidence of a genuine issue of material fact for trial, and the moving party is entitled to judgment as a matter of law. *Levy v. Newell*, 822 N.E.2d 234, 236 (Ind.Ct.App.2005), *reh'g denied, trans. denied.*

■ Pursuant to Indiana Trial Rule 56, the moving party bears the burden of showing that there are no genuine issues of material fact. If the moving party meets its burden, the burden shifts to the nonmoving party to set forth facts demonstrating the existence of a genuine issue for trial. Ind. Trial Rules 56(C) and 56(E). When the moving party asserts the statute of limitations as an affirmative defense and makes a prima facie showing that the action was commenced outside of the statutory period, the nonmoving party has the burden of establishing an issue of fact material to a theory that avoids the affirmative defense. *Boggs v. Tri–State Ra-*

*diology, Inc.,* 730 N.E.2d 692, 695 (Ind. 2000), *reh'g denied.*

▇▇ Additionally, when material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. *Jacobs,* 770 N.E.2d at 349. When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo. *Id.*

## II. Analysis

On appeal, Appellants argue that the trial court erroneously denied their motions for preliminary determination because Appellees' proposed complaints were time-barred by the applicable statute of limitations. The statute of limitations for medical malpractice claims, such as those asserted by Appellees, is found at Indiana Code Section 34–18–7–1(b):

A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file.

This occurrence-based statute of limitations has been upheld as constitutional when applied to plaintiffs who are able to discover the alleged malpractice and injury within two years from the occurrence. *See Martin v. Richey,* 711 N.E.2d 1273, 1278 (Ind.1999).

Moreover, under Indiana's Medical Malpractice Act, a medical malpractice action may not be brought against a health care provider until the claimant's proposed complaint has been filed with the Department of Insurance and an opinion has been issued by a medical review panel. *See* Ind.Code § 34–18–8–4; *see also Putnam*

*County Hosp. v. Sells,* 619 N.E.2d 968, 970 (Ind.Ct.App.1993) (holding that the submission of a proposed complaint to the medical review panel is a condition precedent to filing a medical malpractice claim). The failure to file a proposed complaint with the Department of Insurance within two years is ordinarily fatal to a claimant's medical malpractice lawsuit. *Mayfield v. Continental Rehabilitation Hosp. of Terre Haute,* 690 N.E.2d 738, 741 (Ind.Ct.App. 1998), *trans. denied.*

Here, Appellees concede that they discovered the alleged malpractice within two years of the occurrences at issue, i.e., August 3, 1994 in the case of Webb, December 20, 1994 in the case of Malkin, December 15, 1994 in the case of Gebhart, and February 3, 1995 in the case of Hedden. Indeed, we note that each Appellee filed negligence actions in state and federal courts within two years of their loved one's death. Appellees did not, however, timely file their proposed complaints with the Department of Insurance within two years of the occurrence, as required by Indiana Code Section 34–18–8–4.

Nevertheless, Appellees argue that their complaints are timely because of the filing of the Proposed Class Complaint. To support this contention, Appellees rely upon the Class Action Tolling Rule that was first enunciated by the United States Supreme Court in *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), *reh'g denied.* There, in an effort to protect the policies behind class actions—i.e., the promotion of efficiency and economy of litigation—the Court held that "the *commencement of a class action* suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* (emphasis added). In so doing, the Court recognized that a tolling rule for class

actions is consistent with the purposes served by statutes of limitations. *Id.* It noted, for example, that limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, both of which are met when a class action is commenced. *Id.*

██ Further, the Court observed that, because a class complaint notifies the defendants of the substantive claims being brought against them, as well as the number and generic identities of the potential plaintiffs who may participate in the judgment, the defendants will be aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class. *American Pipe*, 414 U.S. at 555, 94 S.Ct. 756; *see also Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Tolling the statute of limitations, therefore, creates no potential for unfair surprise, regardless of the method class members choose to enforce their rights upon denial of class certification. *Parker*, 462 U.S. at 353, 103 S.Ct. 2392.

██ Pursuant to the Class Action Tolling Rule, the commencement of a class action lawsuit tolls the applicable statute of limitations during the period between the filing of the action and the trial court's ruling on the question of class certification. *See Arnold v. Dirrim*, 398 N.E.2d 426, 440 (Ind.Ct.App.1979). The question before us, however, is whether filing a proposed

complaint with the Department of Insurance—on behalf of a class of individuals—tolls the two-year statute of limitations applicable to medical malpractice claims.[2] Put another way, does the filing of a proposed class action complaint commence an action for purposes of the Class Action Tolling Rule? To resolve this question, we first note that, in Indiana, there is *one* form of action, i.e., a civil action. Ind. T.R. 2. Indiana Trial Rule 3, which governs the commencement of an action, provides:

A civil action is commenced *by filing with the court* a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary. (Emphasis added).

██ In light of these rules, we are convinced that the filing of a proposed complaint to the Department of Insurance is not the equivalent of commencing an action as required by the Class Action Tolling Rule. Indeed, while a proposed complaint would undoubtedly constitute an equivalent pleading or statutory document under Trial Rule 3, it is not filed with the court, but rather with the Department of Insurance. For this reason, it does not commence an action under our trial rules.[3]

We find support for this conclusion in the Medical Malpractice Act. In particu-

---

**2.** In the present case, the Proposed Class Complaint was brought by a specific class of plaintiffs—of which Appellees were not a part—"on behalf of their decedents to recover the damages which inure to the benefit of the heirs as provided by law." Appellants' App. at 186–87. On April 4, 2000, the Plaintiffs filed their Fourth Amended Proposed Complaint with the Department of Insurance, wherein they named as plaintiffs additional decedents, including Appellees' loved ones. Interestingly, however, neither party address-

es: (1) whether Appellees were even included in the class described in the Proposed Class Complaint for purposes of the class action tolling rule; or (2) whether the Fourth Amended Proposed Complaint relates back to April 10, 1996, pursuant to Indiana Trial Rule 15(C), rendering Appellees' claims timely. Because the parties do not address these issues, we do not examine them here.

**3.** We are unpersuaded by Appellees' argument that a proposed medical malpractice complaint is akin to a lawsuit filed in a court

lar, Indiana Code Section 34–18–8–4, which governs medical malpractice actions and is entitled "Prerequisites to commencement of action; presentation of claim to medical review panel," provides:

> Notwithstanding section 1 of this chapter,[4] and except as provided in sections 5 [5] and 6 [6] of this chapter, an action against a health care provider *may not be commenced in a court in Indiana before:*
>
> (1) the claimant's proposed complaint has been presented to a medical review

panel established under IC 34–18–10 (or IC 27–12–10 before its repeal); and

> (2) an opinion is given by the panel.

(Emphasis added). Thus, presentment of the proposed complaint to the medical review panel is a condition precedent to, and not the legal equivalent of, commencing an action in a court of law.

Moreover, we recognize that Indiana Code Section 34–18–8–7, which is entitled "Commencement of action while claim being considered by medical review panel," provides:

of law. To support this assertion, Appellees rely upon the Indiana Supreme Court's opinion in *Cox v. Am. Aggregates Corp.*, 684 N.E.2d 193, 195 (Ind.1997). There, the Court noted that "[t]he medical malpractice statutes create or modify a right that, once initiated, takes the form of a lawsuit brought in a court of law." *Id.* By itself, this statement appears to support Appellees' proposition that the proposed complaint in a medical malpractice proceeding takes the form of a complaint brought in a court of law. However, in context, it is clear that the *Cox* Court was referring to a medical malpractice action that had been filed originally and timely in an Illinois court, which later dismissed the case for want of personal jurisdiction over the defendant. *Id.* (citing *Vesolowski v. Repay*, 520 N.E.2d 433, 434 (Ind.1988), *reh'g denied*). A subsequent action was commenced in Indiana wherein the Journey's Account Statute was utilized to resurrect the medical malpractice claim in an Indiana court of law—not the Indiana Department of Insurance. *Id.* The filing of the medical malpractice action in an Illinois trial court—though in an improper forum—is what initiated the action in the form of a lawsuit. The mere filing of a proposed complaint, however, does not commence a lawsuit, but rather is a prerequisite to the commencement of a lawsuit. Whether the prerequisites had otherwise been met were not before the *Vesolowski* Court or, for that matter, the *Cox* Court, which dealt with the Worker's Compensation Act.

4. Indiana Code Section 34–18–8–1 provides:
> Subject to IC 34–18–10 and sections 4 through 6 of this chapter, a patient or the representative of a patient who has a claim under this article for bodily injury or death

on account of malpractice may do the following:
> (1) File a complaint in any court of law having requisite jurisdiction.
> (2) By demand, exercise the right to a trial by jury.

5. Indiana Code Section 34–18–8–5, which governs agreements not to present claims to the medical review panel, provides:
> Notwithstanding section 4 of this chapter, a claimant may commence an action in court for malpractice without the presentation of the claim to a medical review panel if the claimant and all parties named as defendants in the action agree that the claim is not to be presented to a medical review panel. The agreement must be in writing and must be signed by each party or an authorized agent of the party. The claimant must attach a copy of the agreement to the complaint filed with the court in which the action is commenced.

6. Indiana Code Section 34–18–8–6, which applies to medical malpractice claims that do not exceed $15,000, provides, in relevant part:
> (a) Notwithstanding section 4 of this chapter, a patient may commence an action against a health care provider for malpractice without submitting a proposed complaint to a medical review panel if the patient's pleadings include a declaration that the patient seeks damages from the health care provider in an amount not greater than fifteen thousand dollars ($15,000).

No requisite allegation regarding this provision is contained in Appellees' complaint.

(a) Notwithstanding section 4 of this chapter, beginning July 1, 1999, a claimant *may commence an action in court for malpractice* at the same time the claimant's proposed complaint is being considered by a medical review panel. In order to comply with this section, the:

(1) complaint filed in court may not contain any information that would allow a third party to identify the defendant;

(2) claimant is prohibited from pursuing the action; and

(3) court is prohibited from taking any action except setting a date for trial, an action under IC 34–18–8–8 [7] (or IC 27–12–8–8 before its repeal), or an action under IC 34–18–11 (or IC 27–12–11 before its repeal);

until section 4 of this chapter has been satisfied.[8]

(Emphasis added). By its express terms, this statute permits claimants, such as Appellees, to simultaneously file a proposed complaint with the Department of Insurance and a complaint in the trial court—thereby commencing an action for medical malpractice—provided that the latter filing contain no identification information on the defendants.

Indiana Code Section 34–18–8–7 clarifies that it is the filing of the complaint with the trial court that commences the medical malpractice action, and not the filing of the proposed complaint. Pursuant to this statute, plaintiffs, such as Appellees, who wish to proceed in a medical malpractice class action may file the proposed complaint with the trial court and request a preliminary determination of class certification, at the same time that such complaint is being considered by the medical review panel. Indeed, Indiana Code Section 34–18–11–1 provides:

(a) A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, do one (1) or both of the following:

(1) preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or

(2) compel discovery in accordance with the Indiana Rules of Procedure.

(b) The court has no jurisdiction to rule preliminarily upon any affirmative defense or issue of law or fact reserved for written opinion by the medical review panel under IC 34–18–10–22(b)(1), IC 34–18–10–22(b)(2), and IC 34–18–10–22(b)(4).[9]

---

7. Indiana Code Section 34–18–8–8 provides:

If action has not been taken in a case before the department of insurance for a period of at least two (2) years, the commissioner, on the:

  (1) motion of a party; or

  (2) commissioner's own initiative;

may file a motion in Marion county circuit court to dismiss the case under Rule 41(E) of the Indiana Rules of Trial Procedure.

8. Subsection (b) requires that, "[u]pon satisfaction of section 4 of this chapter, the identifying information described in subsection (a)(1) shall be added to the complaint by the court."

9. Indiana Code Section 34–18–10–22 provides:

(a) The panel has the sole duty to express the panel's expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint.

(c) The court has jurisdiction to entertain a motion filed under this chapter only during that time after a proposed complaint is filed with the commissioner under this article but before the medical review panel gives the panel's written opinion under IC 34–18–10–22.

(d) The failure of any party to move for a preliminary determination or to compel discovery under this chapter before the medical review panel gives the panel's written opinion under IC 34–18–10–22 does not constitute the waiver of any affirmative defense or issue of law or fact.

Indiana Code Section 34–18–11–2 permits a party, the commissioner, or the chairman of a medical review panel, if any, to invoke the jurisdiction of the court, for the limited purposes enunciated in Section 1, by paying the statutory filing fee to the clerk and filing a copy of the proposed complaint and motion with the clerk. Indiana Code Section 34–18–11–4 provides that, upon the filing of a copy of the proposed complaint and motion with the court, "all further proceedings before the medical review panel shall be stayed automatically until the court has entered a ruling on the motion." Accordingly, there are other procedural avenues to present a class action complaint in the context of a medical malpractice action.

Because the Class Action Tolling Rule is inapplicable to the present dispute, the filing of the Proposed Class Complaint—even if it encompassed Appellees' contentions—did not toll the statute of limitations for Appellees' medical malpractice claims. Accordingly, the trial court's partial denial of Appellants' motion for preliminary determination was erroneous. Instead, inasmuch as Appellees' claims were time barred by the two-year statute of limitations, the trial court should have granted Appellants' motion for preliminary determination, as it related to the Class Action Tolling Rule.

For the foregoing reasons, we reverse the trial court's partial denial of Appellants' motions for preliminary determination and remand for an entry of judgment in favor of Appellants.

Reversed and remanded.

FRIEDLANDER, J., and ROBB, J., concur.

---

(b) After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty (30) days, give one (1) or more of the following expert opinions, which must be in writing and signed by the panelists:
(1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
(2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
(3) There is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury.
(4) The conduct complained of was or was not a factor of the resultant damages. If so, whether the plaintiff suffered:
(A) any disability and the extent and duration of the disability; and
(B) any permanent impairment and the percentage of the impairment.