**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**JASON TYE MYERS**
Pendleton, Indiana

ATTORNEY FOR APPELLEES:

**DANIEL M. WITTE**
Travelers Staff Counsel Office
Indianapolis, Indiana

**FILED**

Feb 06 2013, 9:28 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1206-CT-323 |
| | ) | |
| STASON L. WIETE, | ) | |
| UNKNOWN PARTY, and | ) | |
| WEST LAFAYETTE POLICE DEPARTMENT, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald Daniel, Judge
Cause No. 79C01-1201-CT-3

**February 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jason Tye Myers appeals the trial court's summary judgment order in his action for malicious prosecution against Stason L. Wiete, the West Lafayette Police Department ("the Police Department"), and an unknown party, contending that the trial court erred by failing to find that his action was timely filed pursuant to Indiana Code section 34-11-8-1, the Journey's Account Statute.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 17, 2004, Myers was arrested by Wiete, a West Lafayette Police Officer, and charged with possession of and dealing in marijuana, maintaining a common nuisance, and driving while suspended. The charges were dismissed by the State on April 19, 2006.

On April 15, 2008, Myers filed his claim against Officer Wiete, the Police Department, and an unknown party pursuant to 42 United States Code section 1983 ("§ 1983") asserting a state claim for malicious prosecution. On April 28, 2008, the United States District Court for the Northern District of Indiana dismissed the federal claim brought under § 1983 with prejudice and Myers's state claims without prejudice. Myers filed a notice of appeal on June 24, 2008, and the United States Circuit Court of Appeals for the Seventh Circuit dismissed the appeal on December 1, 2008. More than three years later, on January 18, 2012, Myers filed his state court complaint. The trial court granted the defendants' motion for summary judgment on the basis that Myers's state court complaint was untimely, and this appeal ensued.

2

## DISCUSSION AND DEICISION

The actions giving rise to Myers's claim occurred in February 2004, and his state court claim was filed in January 2012. There is no question that Myers's malicious prosecution claim is subject to a two-year statute of limitations[1] and is time barred unless saved by the Indiana Journey's Account Statute.

The Journey's Account Statute is found at Indiana Code section 34-11-8-1 and provides that:

> (a) This section applies if a plaintiff commences an action and the plaintiff fails in the action from any cause except:
> (1) negligence in the prosecution of the action;
> (2) the action abates or is defeated by the death of a party; or
> (3) a judgment is arrested or reversed on appeal.
> (b) If subsection (a) applies, a new action may be brought not later than the later of:
> (1) three (3) years after the date of the determination under subsection (a); or
> (2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

The Journey's Account Statute's typical use is to save an action filed in the wrong court by allowing the plaintiff enough time to re-file the same claim in the correct forum. *See Cox v. Am. Aggregates Corp.,* 684 N.E.2d 193, 195 (Ind. 1997) (statute enabled action dismissed for lack of personal jurisdiction in one state to be re-filed in another state despite intervening running of statute of limitations). The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits. When applicable, the Statute serves to

---

[1] *See* Ind. Code § 34-11-2-4.

resuscitate actions that have otherwise expired under a statute of limitations. *Al-Challah v. Barger Packaging*, 820 N.E.2d 670, 672 (Ind. Ct. App. 2005).

Here, the appellees contend the three-year time period provided by the Journey's Account Statute ran from the date of the dismissal of Myers's federal court complaint by the District Court. Myers argues that the time did not begin to run until January 20, 2009 and that his state court complaint in this action was filed on January 18, 2012, within the three-year period provided by the Journey's Account Statute. Myers bases his argument on the fact that he appealed the dismissal of his complaint by the federal District Court to the Circuit Court of Appeals and that, subsequent to its order of dismissal on December 1, 2008, he filed a "motion to recall the mandate and for reconsideration of the denial in forma pauperis status" on January 8, 2009, and that the Circuit Court denied his motion on January 20, 2012.

By its terms, the Journey's Account Statute provides a grace period of three years for the re-filing following *the determination* that the plaintiff's action *fails* for a reason other than those enumerated in the statute. Ind. Code § 34–11–8–1. Whether Myers's action failed when it was first dismissed by the District Court on April 28, 2008 or when the attempted appeal was dismissed by United States Circuit Court of Appeals for the Seventh Circuit on December 1, 2008 is immaterial since more than three years lapsed between each of these dates and the commencement of Myers's state court action on January 18, 2012. Accordingly, we reserve the question of the effect of an appeal on the Indiana Journey's Account Statue for another day.

4

More critically, although Myers claims that the grace period provided by the Journey's Account Statute did not begin to run until the Circuit Court of Appeals ruled upon his motion to recall the mandate and for reconsideration of the denial in forma pauperis status, he fails to make a cogent argument or cite to pertinent authority why the filing of such repetitive motions should extend the time period provided in the Statute. *See* Ind. Appellate Rule 46(A)(8). Accordingly, Myers's argument fails.

Myers has failed to show that his action for malicious prosecution was commenced with the three-year grace period provided by the Indiana Journey's Account Statute, and we affirm the trial court's dismissal of his complaint.

Affirmed.

MATHIAS, J., and CRONE, J., concur.