Kenneth R. SHEPHERD,
Appellant–Plaintiff,

v.

Raymond D. TRUEX, Michael L. Miner, William Fawley, Valentine & Miner, Attorneys at Law, Alan Rovenstine, Steve Heller, Terry McGlennen and Kenneth Wolf, Jr., Appellees–Defendants.

No. 43A03–0407–CV–344.

Court of Appeals of Indiana.

March 7, 2005.

Rehearing Denied May 6, 2005.

Kenneth R. Shepherd, Claypool, IN, Appellant pro se.

Philip E. Kalamaros, Hunt Suedhoff Kalamaros LLP, South Bend, IN, Attorney for Appellees Michael L. Miner, William Fawley and Valentine & Miner.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Kenneth R. Shepherd ("Shepherd") appeals the trial court's order granting judgment on the pleadings to Appellees–Defendants Michael L. Miner ("Miner"), William Fawley, and Valentine & Miner (collectively referred to as "Appellees"). We affirm.[1]

### Issue

Shepherd raises two issues, which we consolidate and restate as whether the trial court erred by granting judgment on the pleadings to Appellees because the allegations in the complaint, when taken as true, support an independent action for fraud upon the court, pursuant to Indiana Trial Rule 60(B), and a cause of action for attorney deceit, pursuant to Indiana Code Section 33–21–1–8.

### Facts and Procedural History

The relevant facts as alleged in the complaint follow. On August 4, 1999, Shepherd, Steve Heller ("Heller"), Terry McGlennen ("McGlennen"), and Kenneth Wolf, Jr. ("Wolf") reported to the Indiana State Police that Raymond D. Truex ("Truex") had threatened them with a gun. In the report, the witnesses described the gun used by Truex "down to make and color." Appellant's App. at 18. On March 3, 2000, Truex pleaded guilty to pointing a firearm at another person and received a one-year suspended sentence, to be served on probation. At that time, Truex allocuted that "on August 4, 1999, he did knowingly or intentionally point a firearm at another person." *Id.* at 20.

On June 5, 2000, Shepherd filed a civil tort action against Truex in federal court. Appellees represented Truex in that lawsuit. In the course of the federal lawsuit, Alan Rovenstine—a relative of Truex and an investigator with the Kosciusko County Sheriff's Department—on behalf of Appellees, conducted an investigation regarding the incident that had occurred on August 4, 1999. As part of his investigation, Rovenstine interviewed Heller, McGlennen, Wolf, and Truex. Rovenstine "then made an affidavit" of Heller, McGlennen, Wolf, and Truex's testimony, stating that Truex did not point a firearm at anyone on the date in question and, further, that the affiants were not certain that what Truex showed them was a gun.

Appellees presented these affidavits to the federal court, which eventually dis-

---

1. Appellees filed a motion to strike requesting that portions of Shepherd's appendix—i.e., items 16 through 44 on the table of contents—be stricken because they are not part of the judgment on the pleadings. Indiana Appellate Rule 42 provides, in pertinent part:

 Upon motion made by a party within the time to respond to a document, or if there is no response permitted, within thirty (30) days after the service of the document upon it, or at any time upon the court's own motion, the court may order stricken from any document any redundant, immaterial, impertinent, scandalous or other inappropriate matter.

 Because the material in dispute does not pertain to the judgment on the pleadings, we now grant Appellees' motion to strike.

missed Shepherd's cause of action, without prejudice, for lack of jurisdiction. Subsequently, on August 3, 2001, Shepherd filed the civil tort action against Truex in Kosciusko Superior Court. On August 23, 2001, Truex, with Appellees as his counsel, filed a motion for summary judgment, to which he designated the affidavits of Heller, McGlennen, Wolf, and Truex. In response, and in an attempt to prove that the affidavits were false, Shepherd filed a motion for continuance and a request for depositions. Appellees objected to Shepherd's motion and request, and the trial court sustained the objection. On September 27, 2001, Shepherd subpoenaed Heller, McGlennen, and Wolf to appear and give evidence at the summary judgment hearing. On October 8, 2001, Truex, through Miner, filed a motion to quash the subpoenas, which the trial court granted. On October 15, 2001, Shepherd, once again, unsuccessfully moved for a continuance to provide him more time to prove that the affidavits of Heller, McGlennen, Wolf, and Truex were "fraudulent." *Id.* at 24. Thereafter, on October 19, 2001, after conducting a hearing, the trial court granted summary judgment in favor of Truex.

Approximately two and one-half years later, on March 26, 2004, Shepherd filed a separate cause of action against Truex, Appellees, Rovenstine, Heller, McGlennen, and Wolf in Kosciusko Circuit Court,[2] alleging fraud upon the court pursuant to Indiana Trial Rule 60(B) and attorney deceit under Indiana Code Section 33–21–1–8.[3] With respect to his "fraud upon the court" claim, Shepherd alleged that Appellees "used an unconscionable plan or scheme to commit 'fraud on the court' to

get … [s]ummary [j]udgment awarded in their favor against [Shepherd.]" *Id.* at 28. Specifically, Shepherd asserted that Appellees prepared and submitted the "false affidavits" of Heller, McGlennen, Wolf, and Truex—which state that Truex did not point a gun at anyone on August 4, 1999 and, further, expressed uncertainty as to whether what Truex showed Heller, McGlennen, and Wolf was a gun—to the summary judgment court knowing that Truex had previously pleaded guilty to pointing a gun at another person. In furtherance of this "fraud on the court," Shepherd alleged that Appellees purposefully objected to his motions for a continuance and additional discovery, as well as moved to quash his subpoenas, to protect the fraudulent affidavits. According to Shepherd, at the summary judgment hearing, Appellees also represented to the trial court that "affidavits were the home run hitters in summary judgment." *Id.* at 34.

In addition, with regard to his cause of action for attorney deceit or collusion, Shepherd alleged that Appellees committed fraud, for which they are not immune from liability, by knowingly preparing and submitting the false affidavits to the trial court. In his complaint, Shepherd further alleged that Miner and Fawley consented to "deceit and collusion," in violation of the Attorney Deceit Statute, because, despite their knowledge that Truex had pleaded guilty of pointing a gun at another person on August 4, 1999, they presented the four affidavits, which provide that Truex did not point a gun at anyone on that date.

On April 27, 2004, Appellees filed a motion for judgment on the pleadings, arguing that Shepherd's complaint fails to state

---

**2.** Truex, Rovenstine, Heller, McGlennen, and Wolf are not active parties to this appeal.

**3.** In his complaint, Shepherd also alleged violations of the attorney oath under the now-repealed Indiana Code Section 33–21–1–1

and attorney duties under the now-repealed Indiana Code Section 33–21–1–3. However, these allegations were not plead as separate claims in Shepherd's complaint.

a cause of action for fraud upon the court and attorney deceit. On June 7, 2004, the trial court granted Appellees' motion for judgment on the pleadings. This appeal by Shepherd ensued.

## Discussion and Decision

### I. Standard of Review

On appeal, Shepherd contends that the trial court erred by granting Appellees' motion for judgment on the pleadings. A judgment on the pleadings pursuant to Indiana Trial Rule 12(C) attacks the legal sufficiency of the pleadings. *National R.R. Passenger Corp. v. Everton By Everton,* 655 N.E.2d 360, 363 (Ind.Ct.App. 1995), *trans. denied.* In reviewing a trial court's decision on a motion for judgment on the pleadings, this Court conducts a de novo review. *Eskew v. Cornett,* 744 N.E.2d 954, 956 (Ind.Ct.App.2001), *reh'g denied, trans. denied.* We will affirm the trial court's grant of a Rule 12(C) motion for judgment on the pleadings when it is clear, from the face of the pleadings, that one of the parties cannot in any way succeed under the operative facts and allegations made therein. *Davis ex rel. Davis v. Ford Motor Co.,* 747 N.E.2d 1146, 1149 (Ind.Ct.App.2001), *trans. denied.*

In addition, when we consider a motion for judgment on the pleadings, we deem the moving party to have admitted "all facts well pleaded, and the untruth of his own allegations which have been denied." *New Trend Beauty Sch., Inc. v. Indiana State Bd. of Beauty Culturist Examiners,* 518 N.E.2d 1101, 1103 (Ind.Ct. App.1988). All reasonable inferences are drawn in favor of the nonmoving party and against the movant. *National,* 655 N.E.2d at 363.

### II. Analysis

Shepherd argues that the trial court erred by granting Appellees' motion for judgment on the pleadings because his complaint alleged sufficient facts to support a claim upon which relief could be granted. Specifically, Shepherd contends that his complaint properly asserted an independent action for fraud on the court, as well as a cause of action for attorney deceit. We separately address each argument.

### A. Fraud on the Court

Shepherd first maintains that the allegations in the complaint at issue sufficiently stated an independent action for fraud on the court pursuant to Indiana Trial Rule 60(B). Rule 60(B), which governs motions for relief from judgments, provides, in relevant part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> \* \* \* \* \* \*
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> \* \* \* \* \* \*
>
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. *This rule does not limit the power of a court to entertain an independent action to relieve a*

*party from a judgment, order or proceeding or for fraud upon the court. Id.* (emphasis added).

Pursuant to Indiana Trial Rule 60(B), there are three ways to attack a judgment on the grounds of fraud on the court. *See Stonger v. Sorrell*, 776 N.E.2d 353, 355–57 (Ind.2002) (adopting federal authority for analyzing claims under Indiana Trial Rule 60(B)). The first method is by way of a motion filed under Trial Rule 60(B)(3). *Id.* at 355, 356. Such a motion may be based upon any kind of fraud—albeit intrinsic, extrinsic, or fraud on the court—so long as it is chargeable to an adverse party and has an adverse effect on the moving party. *Id.* at 356. However, the motion is generally limited to the court in which the judgment was rendered and shall be made not more than one year after the judgment was entered. *Id.* The *Stonger* court observed that, if the time limit for the 60(B)(3) motion has not expired, this procedural tool is the preferable way to challenge a judgment on grounds of fraud on the court. *Id.*

The second method is an independent action for fraud on the court pursuant to the savings clause of Trial Rule 60(B), which provides that this rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. *Id.* at 355, 356. Independent actions are usually reserved for situations that do not meet the requirements for a motion made under Rule 60(B)(3). *Id.* at 356. For example, the fraud might not be chargeable to an adverse party, the movant might be seeking relief from a court other than the rendering court, or, more often, the one-year time limitation for Trial Rule 60(B)(3) motions has expired. *Id.* An independent action is subject to the doctrine of laches and its remedy is extremely limited. *Id.*

The third method, which also arises out of the savings clause of Trial Rule 60(B), invokes the inherent power of a court to set aside *its* judgment if procured by fraud on the court. *Id.* at 355, 356–57. Relief in these circumstances is not dependent upon the filing of a motion by a party to the original judgment. *Id.* at 357. Rather, the court may assert this power *sua sponte. Id.* In addition, there is no time limitation for these proceedings. *Id.*

Regardless of which procedural avenue a party selects to assert a claim of fraud on the court, the party must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense. *See In re Adoption of Infant Female Fitz*, 778 N.E.2d 432, 437 (Ind.Ct.App.2002). Fraud on the court has been narrowly applied and is limited to the most egregious of circumstances involving the courts. *Stonger*, 776 N.E.2d at 357. Further, to prove fraud on the court, it is not enough to show a possibility that the trial court was misled. *Id.* at 358. Rather, there must be a showing that the trial court's decision was actually influenced. *Id.*

Here, the record is unclear as to which procedural avenue, i.e., method two or method three, that Shepherd selected for his Indiana Trial Rule 60(B) motion. However, because Shepherd opted to file his complaint in a different court from that which entered the summary judgment order, i.e., Circuit rather than Superior court, we construe his complaint as an independent action for fraud on the court pursuant to method two.[4] Examining

---

4. Appellees appear to argue that Shepherd is entitled to no relief under Rule 60(B) because

Shepherd's complaint in the context of method two, we conclude that he is not entitled to relief under our judgment on the pleadings standard because his complaint fails to allege sufficient facts to support a claim of fraud on the court.

■ The substance of Shepherd's complaint against Appellees was that Appellees "used an unconscionable plan or scheme to commit 'fraud on the court' to get ... [s]ummary [j]udgment awarded in their favor against [Shepherd]" by: (1) knowingly preparing and submitting the false affidavits of Heller, McGlennen, Wolf, and Truex; (2) purposefully objecting to Shepherd's motions for a continuance and additional discovery, as well as moving to quash his subpoenas, to protect the fraudulent affidavits; and (3) representing to the trial court that "affidavits were the home run hitters in summary judgment." Appellant's App. at 28, 34. At first blush, these allegations appear to sufficiently state a claim for an independent action of fraud on the court under Indiana Trial Rule 60(B). However, a closer look at Shepherd's complaint reveals that his present allegation of fraud is merely an attempt to relitigate an issue that was or could have been litigated in the original proceeding. "The principle that balances the competing interests of finality of judgments and the need for relief from fraudulently procured judgments ... is found in the rule that an independent action for relief from a judgment may not be entertained if 'there was an opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action.'" 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.81[1][b][iv] (3rd ed.1997) (cited with approval in *Ston-*

*ger*, 776 N.E.2d at 356–57). This principle is a recognition that an independent action, which in many circumstances is a collateral attack on a judgment, is subject to the doctrine of *res judicata*. *Id.* Under such doctrine, "what actually was and could have been litigated in the underlying proceeding may not be relitigated in an independent action to set the underlying judgment aside." *Id.*

■ In the present case, assuming that the affidavits at issue were fraudulent and that Appellees actively sought to prevent Shepherd from revealing the falsity of such affidavits in the underlying action, via their objections and motions to quash, Shepherd's complaint does not state a valid independent action for fraud because it is barred by the doctrine of *res judicata* and, further, because it fails to allege that such acts prevented Shepherd from fully and fairly presenting his case to the trial court. Indeed, as alleged in the complaint, at the time of his initial lawsuit against Truex in August of 2001, Shepherd knew that Truex had pleaded guilty to the offense of pointing a gun at another person and that, in so doing, Truex had allocuted that he knowingly or intentionally pointed a firearm at another person. Shepherd was also aware that Heller, McGlennen, and Wolf had reported to the Indiana State Police, on August 4, 1999, that Truex threatened them with a gun, specifically describing the make and color of the gun. Shepherd further knew that Truex's guilty plea and allocution, as well as the witnesses' reports to the police, contradicted the affidavits in question, which were admitted by Truex—via Appellees—in the initial lawsuit.

he failed to file the complaint at issue in the same court that issued the original summary judgment order. We find this argument unpersuasive, however, because the *Stonger* court made clear that, in an independent action, the movant might be seeking relief from a court other than the rendering court. 776 N.E.2d at 353.

Armed with this knowledge, during the prosecution of his cause of action against Truex, Shepherd could have responded to Truex's motion for summary judgment by designating the witnesses' statements and/or the guilty plea, thus creating a genuine issue of material fact as to whether Truex committed a civil tort against Shepherd by use of a gun. Instead, Shepherd opted to merely assert that Appellees' designated affidavits were false and to move for a continuance, request additional depositions, and subpoena witnesses for the summary judgment hearing, presumably for the purpose of impeachment, all of which were unsuccessful. Accordingly, Shepherd's allegation that Appellees knowingly submitted perjurous affidavits to the trial court in the original action is not sufficient to sustain an action for fraud on the court because Shepherd had the opportunity, yet failed, to challenge the alleged perjurous affidavits by designating the witnesses' statements and the guilty plea— which were known to him at the time of the original action. *See, e.g., Bedree v. DeGroote,* 799 N.E.2d 1167, 1173 (Ind.Ct. App.2003) (recognizing that a litigant who chooses to proceed pro se will be held to the rules of procedure the same as would trained legal counsel), *trans. denied.* As such, Shepherd may not now relitigate this issue and, thus, the trial court properly granted judgment on the pleadings to Appellees with respect to Shepherd's claim of fraud on the court.

### B. Attorney Deceit

 Shepherd also contends that the trial court erred by entering judgment on the pleadings in favor of Appellees with regard to his deceit claim because the complaint stated sufficient allegations to support a cause of action under the Attorney Deceit Statute. Under the Attorney Deceit Statute,

> An attorney who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge or a party to an action or judicial proceeding, commits a Class B misdemeanor, and he shall also forfeit to the party injured treble damages, recoverable in a civil action.

Ind.Code § 33–21–1–8.[5] However, this Court has previously held that the attorney deceit statute "does not create a new cause of action but, instead, trebles the damages recoverable in an action for deceit." *Loomis v. Ameritech Corp.,* 764 N.E.2d 658, 666–67 (Ind.Ct.App.2002) (citing *Anderson v. Anderson,* 399 N.E.2d 391, 403 (Ind.Ct.App.1979)), *reh'g denied, trans. denied.* Because the attorney deceit statute does not create an independent cause of action, Shepherd may not invoke it to overcome the rule against collateral attacks on judgments. *Loomis,* 764 N.E.2d at 667. Accordingly, the trial court did not err by granting Appellees a judgment on the pleadings.

 Assuming arguendo that Shepherd could maintain a separate cause of action for deceit, we still find no error in the trial court's grant of judgment on the pleadings. The essential elements required to sustain an action for deceit are: (1) that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; (2) that it was made with the intent to deceive and for the

---

**5.** In 2004, the attorney deceit statute was recodified at Indiana Code Section 33–43–1–8 and provides:

(a) An attorney who is guilty of deceit or collusion, or consents to deceit or collusion, with intent to deceive a court, judge, or party to an action or judicial proceeding commits a Class B misdemeanor.

(b) A person who is injured by a violation of subsection (a) may bring a civil action for treble damages.

purpose of inducing the other party to act upon it; and (3) that the party did in fact rely upon it and was induced thereby to act to his or her injury or damage. *See Anderson,* 399 N.E.2d at 403. In addition, the plaintiff must show that a defendant-attorney accused of deceit, practiced such deceit in his or her capacity as an attorney and not in an individual capacity as a citizen or party-litigant. *Id.*

 Further, in an action for deceit, damage to the plaintiff as a result of the fraudulent representations is a necessary prerequisite to recovery. *See id.* The measure of damages, in such cases, is the difference between the value of what the plaintiff has parted with and the value of what he or she has received. *Id.*

Here, Shepherd alleges in the complaint at issue that Appellees committed fraud and consented to deceit and collusion, for which they are not immune from liability, by knowingly preparing and submitting the false affidavits to the trial court. However, these allegations, even when taken as true, do not demonstrate that Appellees personally made a false representation with the intent to deceive and for the purpose of inducing Shepherd to act upon such representation, nor do they show that Shepherd, in fact, relied upon such representation to his injury or damage. To the contrary, pursuant to the complaint allegations, Shepherd never relied upon the averments made in the affidavits, i.e., the purported false representations. Rather, throughout his prosecution of the original lawsuit against Truex, Shepherd consistently and repeatedly maintained that the affidavits were fraudulent and that the information contained therein was false. As such, the trial court did not err by concluding that Shepherd's complaint for attorney deceit failed to state a claim for relief. *See, e.g., Anderson,* 399 N.E.2d at 403–04.

For the foregoing reasons, we affirm the trial court's grant of judgment on the pleadings.

Affirmed.

FRIEDLANDER, J., and DARDEN, J. concur.