Lori **BASHAM**, and Kentucky Farm Bureau Insurance Company, Appellants–Plaintiffs,

v.

Craig **PENICK**, Appellee–Defendant.

No. 10A01–0509–CV–432.

Court of Appeals of Indiana.

June 23, 2006.

708

---

Julia M. Pike, Greene & Cooper, Philip J. Edwards, Louisville, KY, Attorneys for Appellants.

Matthew R. Lemme, Jeffersonville, IN, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

Lori Basham and Kentucky Farm Bureau Insurance Company (collectively, Basham) filed a complaint against Craig Penick alleging negligence. Thereafter, Penick filed a Motion for Judgment on the Pleadings, and both Penick and Basham filed motions for summary judgment. On August 26, 2005, the trial court granted judgment on the pleadings in favor of Penick. Basham appeals, and raises the following restated issues:

1. Did the trial court err by granting judgment on the pleadings in favor of Penick?

2. Did the trial court err by denying Basham's motion for summary judgment?

We affirm in part, reverse in part, and remand.

On June 3, 2001, Basham and Penick were involved in an automobile accident in Harrison County, Indiana. Basham is a Kentucky resident, Kentucky Farm Bureau Insurance Company is a Kentucky corporation, and Penick is an Indiana resident. On June 3, 2003, Basham filed a complaint against Penick in Jefferson County, Kentucky, alleging Penick was negligent and that such negligence resulted in personal and property injuries. Thereafter, Penick filed a Motion to Dismiss in the Kentucky court for lack of personal jurisdiction, which the Kentucky court granted on November 5, 2003. At the time the Kentucky court dismissed Basham's suit, the Indiana statute of limitations on personal and property injury actions had run.

On December 5, 2003, Basham filed a complaint against Penick in Indiana, which was identical in all material respects to the complaint filed in Kentucky. In response, Penick filed a motion for judgment on the pleadings, alleging Basham's action was time-barred. Subsequently, both Penick and Basham filed motions for summary judgment. On August 26, 2005, the trial court simultaneously granted judgment on the pleadings in favor of Penick and denied both parties' motions for summary judgment. Basham now appeals, contending: (1) the trial court erred in granting judgment on the pleadings in favor of Penick because Ind.Code Ann. § 34–11–8–1

(West, PREMISE through 2005 1st Regular Sess.) (the Journey's Account Statute) applies to save her otherwise time-barred action; and (2) the trial court erred in denying her motion for summary judgment. We will address each contention in turn.

### 1.

■■■ "A judgment on the pleadings pursuant to Indiana Trial Rule 12(C) attacks the legal sufficiency of the pleadings." *Shepherd v. Truex,* 823 N.E.2d 320, 324 (Ind.Ct.App.2005). In reviewing a trial court's decision on a motion for judgment on the pleadings, we conduct a de novo review. *Shepherd v. Truex,* 823 N.E.2d 320. We will affirm the trial court's grant of a Rule 12(C) motion for judgment on the pleadings when it is clear from the face of the pleadings that one of the parties cannot in any way succeed under the operative facts and allegations made therein. *Id.* Additionally, when considering a motion for judgment on the pleadings, we deem the moving party to have admitted all facts well pled, and the untruth of his own allegations that have been denied. *Id.* All reasonable inferences are drawn in favor of the nonmoving party. *Id.*

Basham's complaint alleged Penick was negligent and that such negligence caused injuries to her person and her personal property. In Indiana, the statute of limitations for such actions is two years. Ind. Code Ann. § 34–11–2–4 (West, PREMISE through 2005 1st Regular Sess.). Pursuant to this statute, June 3, 2003, was the last day Basham was permitted to file her complaint in Indiana. Basham, however, did not file a complaint in Indiana until December 5, 2003. Basham contends the Journey's Account Statute saves her otherwise time-barred complaint.

At common law, suits frequently were dismissed on technical grounds. *McGill v.* *Ling,* 801 N.E.2d 678 (Ind.Ct.App.2004), *trans. denied.* In such cases, a plaintiff could file a writ known as a Journey's Account. *Id.* The second suit was deemed to be a continuation of the first. *Id.* The time permitted to bring the second suit was computed theoretically with reference to the time required for the plaintiff to journey to where court was held. *Id.* Although Indiana no longer recognizes the common law remedy, there is a statutory remedy in its place. *Id.*

■■■ The Journey's Account Statute states, in relevant part:

(a) This section applies if a plaintiff commences an action and:

(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

. . .

(b) If subsection (a) applies, a new action may be brought not later than . . . :

(1) three (3) years after the date of the determination under subsection (a);

. . .

and be considered a continuation of the original action commenced by the plaintiff.

I.C. § 34–11–8–1. When applicable, the Journey's Account Statute serves to resuscitate actions that have otherwise expired under a statute of limitations. *Irwin Mortg. Corp. v. Marion County Treasurer,* 816 N.E.2d 439 (Ind.Ct.App.2004). "A plaintiff cannot be said to 'fail' within the meaning of this statute unless he makes an unavailing effort to succeed . . . in good faith, and fails upon some question which does not involve the merits of his case. . . ." *Al–Challah v. Barger Packaging,* 820 N.E.2d 670, 674–75 (Ind.Ct.App. 2005). Further, the statute:

generally permits a party to refile an action that has been dismissed on technical grounds. The statute allows a party to bring a new action as a continuation of the original action, if the party brings the new action within three years after the original action failed. Typically, the statute saves an action filed in the wrong court by allowing the plaintiff enough time to refile the same claim in the correct forum. For instance, if a party files an action in one state *where it is dismissed for lack of personal jurisdiction,* the party may refile in another state despite the intervening running of the statute of limitations.

*Irwin Mortg. Corp. v. Marion County Treasurer,* 816 N.E.2d at 443 (quotations and citations omitted, emphasis supplied).

 "The purpose of the [Journey's Account] [S]tatute is to preserve the right of a *diligent* suitor to pursue a judgment on the merits." *Mayfield v. Cont'l Rehab. Hosp. of Terre Haute,* 690 N.E.2d 738, 741 (Ind.Ct.App.1998), *trans. denied* (emphasis in original). Moreover, our Supreme Court has indicated this "broad and liberal purpose is not to be frittered away by narrow construction." *Irwin Mortg. Corp. v. Marion County Treasurer,* 816 N.E.2d at 444. Finally, the Journey's Account Statute makes clear it is the first action, not the new action, which must fail for reasons other than those enumerated under subsection (a)(1) for the statute to apply. *McGill v. Ling,* 801 N.E.2d 678. In order to claim the saving power of the Journey's Account Statute, Basham must have: (1) commenced an action; (2) failed in that action for any cause except, among other reasons, negligence in the prosecution of the action; and (3) brought her new action not later than three years after the date of the determination of the original action. I.C. § 34–11–8–1.

The first requirement under the Journey's Account Statute is Basham must have commenced an action. I.C. § 34–11–8–1(a). Basham's original complaint was filed in Kentucky on June 3, 2001. In Kentucky, an action "is commenced by the filing of a complaint with the court and the issuance of a summons." Ky. Rule of Civ. Proc. 3 (West 2005).[1] After Basham filed her complaint, Penick was served in Indiana through the Secretary of State. Basham, therefore, met the requirements for commencing an action.

 The second requirement under the Journey's Account Statute is Basham must have failed in her original action for any cause except, among other reasons, negligence in the prosecution of the action. I.C. § 34–11–8–1(a)(1). That is, Basham must have diligently pursued the action in good faith and failed on some question other than on the merits. *Al–Challah v. Barger Packaging,* 820 N.E.2d 670. Negligent prosecution of an action occurs when, for instance, a suitor fails to timely file a complaint. *See Mayfield v. Cont'l Rehab. Hosp. of Terre Haute,* 690 N.E.2d 738.

In Indiana, the statute of limitations for actions for injury to one's person or personal property is two years. I.C. § 34–11–2–4. Basham filed her complaint on June 3, 2003. Therefore, Basham's complaint would have been timely filed had she done so in Indiana. In Kentucky, the statute of limitations for actions for injury to one's personal property is also two years. Ky. Rev.Stat. Ann. § 413.125 (West 2005).

---

1. Under Indiana Trial Rule 3, a "civil action is commenced by filing with the court a complaint ..., by payment of the prescribed filing fee ..., and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary."

Therefore, Basham's complaint filed on June 3, 2003, was timely in both Indiana and Kentucky as to her claim for injuries to personal property. In Kentucky, however, the statute of limitations for injury to one's person is *one* year. Ky.Rev.Stat. Ann. § 413.140 (West 2005); *see Million v. Raymer*, 139 S.W.3d 914 (Ky.2004); *Brown v. Wigginton*, 981 F.2d 913 (6th Cir.1992).

■■■ While the Journey's Account Statute is typically used to save an action originally filed in the wrong court, we have uncovered no opinion addressing the unique factual situation presented by the instant case. That is, the plaintiff's original action was untimely filed at least in part according to the applicable statute of limitations of the foreign jurisdiction in which she erroneously filed, but would have been timely filed according to the applicable statute of limitations under Indiana law. There is a conflict between the two states' statutes of limitations. Therefore, in determining whether Basham's claim failed because of negligence in prosecution of the action, we must decide whether the timeliness of Basham's complaint is resolved according to Kentucky law, or, conversely, according to Indiana law.

We find *Abele v. A.L. Dougherty Overseas, Inc.*, 192 F.Supp. 955 (N.D.Ind.1961), instructive. In *Abele*, the plaintiff's original action was brought in an Ohio court prior to the running of the applicable Indiana limitations period and dismissed without prejudice and without any adjudication on the merits. *Id.* The district court found that the plaintiff should be protected by the Journey's Account Statute because his original Ohio action would have been timely if filed in *Indiana.*[2] *Id.*

When the defendant argued that the filing of suit in another state would not suffice to bring the plaintiff within the protection of Indiana's Journey's Account Statute, the court noted that "acceptance of the defendant's authorities would produce an incongruous result[,]" reasoning, "had [plaintiff] filed his first action in Indiana he would . . . have been permitted to institute the present action." *Id.* at 957; *see also Subacz v. Town Tower Motel Corp.*, 567 F.Supp. 1308 (N.D.Ind.1983); *Ullom v. Midland Indus., Inc.*, 663 F.Supp. 491 (S.D.Ind.1987). This suggests that, for purposes of the Journey's Account Statute, the timeliness of the original filing is measured by Indiana's statute of limitations, not that of the foreign jurisdiction in which a complaint was erroneously filed.

■■■ This reading of *Abele v. A.L. Dougherty Overseas, Inc.* is in accord with the purposes of and policies underlying the Journey's Account Statute. "The purpose of the [Journey's Account] [S]tatute is to preserve the right of a *diligent* suitor to pursue a judgment on the merits." *Mayfield v. Cont'l Rehab. Hosp. of Terre Haute*, 690 N.E.2d at 741 (emphasis in original). As the court in *Abele* stated:

> Th[e Journey's Account S]tatute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. . . . The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his right before the courts.

192 F.Supp. at 957 (citations omitted).

Basham's personal injury claim, untimely filed in Kentucky on June 3, 2003, would have been timely had it been filed in

---

**2.** The record is unclear about whether the complaint was timely filed according to the applicable Ohio statute of limitations.

Indiana. Penick clearly had timely notice, under applicable Indiana law, that Basham intended to maintain her rights before the courts. Were we to gauge the timeliness of Basham's filing according to Kentucky law, the purpose of the Journey's Account Statute, i.e., to insure Basham a hearing on the merits, would be frustrated. Further, Basham's claim would not have failed for negligence in prosecution if filed in Indiana, and in fact did not fail in Kentucky for that reason. *See* I.C. § 34–11–8–1.

The facts in the instant case are distinguishable from those in other cases where the plaintiff's claims were deemed to have failed because of negligence in prosecution of the action. *See, e.g., Parks v. Madison County,* 783 N.E.2d 711 (Ind.Ct.App.2002) (action failed for negligence in prosecution where claim dismissed after several unsuccessful attempts to file complaint that complied with federal rules of civil procedure), *trans. denied; Mayfield v. Cont'l Rehab. Hosp. of Terre Haute,* 690 N.E.2d 738 (action failed for negligence in prosecution where claimant failed to file with Indiana Department of Insurance within applicable limitations period). Further, we have explained that "where a party merely files her claim in the wrong forum, . . . the purpose of the Journey's Account Statute is served by allowing the state claim to go forward[.]" *McGill v. Ling,* 801 N.E.2d at 686.

Therefore, in light of the broad and liberal purpose of the Journey's Account Statute, and the Supreme Court's admonition that the statute not be narrowly construed, we hold that, under the facts of this case, the timeliness of Basham's original complaint, for purposes of the Journey's Account Statute, is determined by Indiana's statute of limitations. Basham's original claim for personal injuries, therefore, was timely, and in that respect did not fail for negligence in prosecution of the action.[3]

■ The timeliness of the original action notwithstanding, Penick contends the instant case "involves that 'grotesque' situation . . . where the plaintiff's earlier action was brought with knowledge of the lack of jurisdiction[,]" concluding that such constitutes bad faith and "negligence in [ ] prosecution." *Appellee's Brief* at 11. In support of her position, Basham contends the "Journey's Account Statute specifically applies to actions dismissed by other state . . . courts on jurisdictional grounds." *Appellant's Brief* at 4. In response, Penick contends "none of the cases cited by Basham . . . deals with the exact set of facts present[ed] in this case[.]" *Appellee's Brief* at 7.

Basham cites *Ullom v. Midland Indus., Inc.,* 663 F.Supp. 491, in which the plaintiffs timely filed suit in an Ohio court.[4] *Id.* The Ohio court dismissed the lawsuit for lack of personal jurisdiction. *Id.* Thereafter, the plaintiffs filed an untimely complaint in Indiana state court for the same claims against the same defendant, which the defendant successfully removed to the United States District Court for the Southern District of Indiana. *Id.* That court concluded "Indiana's 'Journey's Account Statute' saves the plaintiffs' action from the bar of the statute of limitations . . . even though the plaintiffs' cause of action

---

**3.** We note that, in the Kentucky court, Penick filed a motion to dismiss based on lack of personal jurisdiction. Neither the record nor Penick's brief to this court indicates he raised a statute of limitations defense in the Kentucky court.

**4.** In *Ullom,* the plaintiffs' complaint was timely filed in the Ohio court according to the applicable Indiana statute of limitations. 663 F.Supp. 491. It is unclear whether the complaint was timely filed according to the applicable Ohio statute of limitations.

in an Ohio state court failed for lack of personal jurisdiction[.]" *Id.* at 493 (citations omitted); *see also Cox v. American Aggregates Corp.,* 684 N.E.2d 193, 195 (Ind.1997) ("the statute enables an action dismissed for lack of personal jurisdiction in one state to be refiled in another state despite the intervening running of the statute of limitations"); *Irwin Mortg. Corp. v. Marion County Treasurer,* 816 N.E.2d at 443 ("if a party files an action in one state where it is dismissed for lack of personal jurisdiction, the party may refile in another state despite the intervening running of the statute of limitations") (quotations omitted).

Basham filed her original claim in a Kentucky state court, which dismissed for lack of personal jurisdiction. Thereafter, Basham refiled in Indiana, alleging identical claims against the identical defendant. These facts align with those of *Ullom v. Midland Indus., Inc.* Although Penick contends Basham brought her original claim in Kentucky court "with knowledge of the lack of jurisdiction," *Appellant's Brief* at 11, the order granting Penick's motion to dismiss refutes this contention. The Kentucky court, although ultimately concluding "it would be unreasonable to exercise jurisdiction over Mr. Penick," stated, "there is no clear cut tip of the scales in favor of either side." *Appellant's Appendix* at 10. Thus, we cannot say that Basham filed her complaint in Kentucky in bad faith. *Contra Al–Challah v. Barger Packaging,* 820 N.E.2d 670. Further, we find *Ullom v. Midland Indus., Inc.* sufficiently analogous and, therefore, supportive of our conclusion that Basham's original suit did not fail because of negligence in the prosecution of the action.

The final requirement under the Journey's Account Statute is Basham must have brought her new action not later than three years after the date of the determi-nation of the original action. I.C. § 34–11–8–1(b)(1). The Kentucky court dismissed Basham's action on November 5, 2003. Basham filed the instant action in Indiana only one month later on December 5, 2003. Thus, Basham met the requirement for bringing the new action within three years after the determination of the original action.

Based on the foregoing, we reverse that part of the trial court's order granting judgment on the pleadings in favor of Penick.

2.

Next, Basham contends the trial court erred in denying her motion for summary judgment. In support of her contention, Basham asserts "[t]here is no dispute that Mr. Penick disregarded his stop sign and pulled into the path of Ms. Basham." *Appellant's Brief* at 6. In reviewing a trial court's ruling on summary judgment, we do not reweigh the evidence, but construe all facts and reasonable inferences drawn therefrom in favor of the nonmoving party. *Verrall v. Machura,* 810 N.E.2d 1159 (Ind. Ct.App.2004), *trans. denied.* Summary judgment is appropriate only when the designated evidence demonstrates there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). To be considered genuine, a material issue of fact must be established by sufficient evidence in support of the claimed factual dispute to require a finder of fact to resolve the parties' differing versions of truth at trial. *Barnard v. Saturn Corp.,* 790 N.E.2d 1023 (Ind.Ct.App.2003), *trans. denied.*

Basham failed to include in the appellate record her motion for summary judgment. By omitting such a significant part of the record the trial court had before it in ruling on her motion for summary judgment, Basham has provided an insufficient

basis upon which to review her claimed error. *See Lenhardt Tool Die Co., Inc. v. Lumpe,* 703 N.E.2d 1079 (Ind.Ct.App. 1998), *trans. denied.* Failure to include the motion for summary judgment notwithstanding, Penick's answers to Basham's interrogatories, the only designated evidence in the record, are sufficient to raise a genuine issue of material fact. In response to an inquiry into the events preceding the automobile accident, Penick answered, "The defendant traveled [on] Rose Drive to Charlotte Ave. Defendant *stopped* at the stop sign at then [sic] end of Charlotte Avenue at Highway 150." *Appellant's Appendix* at 18 (emphasis supplied). We must, therefore, affirm that portion of the judgment denying Basham's motion for summary judgment.

Judgment affirmed in part, reversed in part, and remanded.

CRONE, J., and MAY, J., concur.

**J.B., Appellant–Defendant,**